UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPHINE ZARAGOZA,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No.  2:13-CV-3052-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION  FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF Nos.  22, 26.  Attorney D. James Tree represents Plaintiff, and Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

On December 16, 2008, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, along with a Title XVI application for supplemental security income, alleging disability beginning June 13, 2003.  Tr. 20;

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

217. Plaintiff reported that she was unable to work due to diabetes, high blood pressure, high cholesterol, sleep apnea, irritable bowel syndrome, asthma, obesity, shoulder pain, abdominal pain, back pain/arthritis, agoraphobia with panic disorder and major depression. Tr. 222. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ). Tr. 76-124.

On November 21, 2011, ALJ Richard Say held a hearing. Tr. 53-73. On December 8, 2011, the ALJ issued a decision finding Plaintiff not disabled. Tr. 20-34. The Appeals Council declined review. Tr. 1-3. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties and thus, they are only briefly summarized here. At the time of the third hearing, Plaintiff was 30 years old, married to a Mexican citizen who lived in Mexico, and lived with a roommate in a mobile home. Tr. 59. She was 5'8" tall and weighed 235 pounds. Tr. 62. She completed high school, and participated in special education classes throughout junior high and high school. Tr. 58.

Plaintiff testified that she can sit at one time for up to thirty minutes, and she can stand for between fifteen to thirty minutes and if she stands for a longer period, she "won't get out of bed for two to three days afterwards." Tr. 63-64. She said the farthest she can walk is two blocks. Tr. 64.

She said she has a driver's license, but her parents normally drive her places, and someone usually helps her with grocery shopping. Tr. 63. Plaintiff also testified that on good days, she can "go out for a walk or go run my dogs," and sometimes she rides a bike. Tr. 66.

In the summer of 2005, Plaintiff traveled to Arizona to visit her father, and she stayed for five to six weeks. Tr. 406. In 2008, she travelled to Mexico and

stayed for three weeks, visiting her husband. Tr. 594. In early 2009, she returned to Mexico. Tr. 775. She planned another Mexico trip for the fall of 2009. Tr. 767.

Plaintiff worked previously as a CNA caregiver in a nursing home and for a relative, as cook in a restaurant, as a janitor and as a laborer for cherry growers. Tr. 293. Plaintiff's prior work did reach the threshold earnings to be considered gainful employment. Tr. 69.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales, 402 U.S. 389, 401 (1971)*. If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 13, 2003, her alleged onset date. Tr. 23. At step two, the ALJ found Plaintiff suffered from severe impairments related to depression, asthma, obesity and fibromyalgia. Tr. 23. At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments. Tr. 24. The ALJ found that the Plaintiff was able to perform light work, with the additional limitations:

> [She] has a very limited ability to read and write and some proficiency with arithmetic. [She] should never climb ladders, ropes, or scaffolds. [She] can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. [She] can frequently balance. [She] should avoid concentrated exposure to vibration and hazards. [She] is limited to unskilled work and routine tasks requiring no interaction with the

public and only superficial interaction with co-workers but no close cooperation or coordination.

Tr. 26.  The ALJ found that Plaintiff has no past relevant work.  Tr. 32.  The ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, jobs existed in significant numbers in the national economy that Plaintiff could perform, such as small product assembler and janitorial work.  Tr. 33.  As a result, the ALJ found that Plaintiff was not disabled.  Tr. 33.

## ISSUES

Plaintiff contends that the ALJ erred by (1) failing to include all Plaintiff's serious impairments at step two; (2) in weighing the medical evidence;[1] (3) finding Plaintiff had little credibility; and (4) "erroneously raising non-compliance." ECF No. 22 at 7.

## DISCUSSION

**A.    Step Two**

Plaintiff contends that the ALJ erred in his Step Two determination by failing to include abdominal pain and diabetes.  ECF No. 22 at 18.  At step two of the administrative evaluation process, the ALJ determines if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996).  An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a).  Basic work activities are "abilities and aptitudes necessary to do most jobs," including, for example, "walking, standing, sitting,

---

[1]Plaintiff listed separately an issue related to whether the ALJ erred by purporting to give full weight to a medical opinion from R. Allen LaBerge, M.D., but failing to find Plaintiff disabled.  ECF No. 22 at 8.  For organizational cohesiveness, the court includes this issue under the medical opinion analysis.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (quoting SSR 85-28) (*citing Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988)). The determination of whether an impairment is severe requires, "a careful evaluation of the medical findings that describe the impairment(s) (i.e., the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the impairments(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities." SSR 96-3p. If a claimant's impairments are "not severe enough to limit significantly the claimant's ability to perform most jobs, by definition the impairment does not prevent the claimant from engaging in any substantial gainful activity." *Bowen,* 482 U.S. at 146.

In this case, the ALJ found Plaintiff had "severe impairments related to depression, asthma, obesity and fibromyalgia." Tr. 23. The ALJ also noted that "other symptoms and complaints" appear in the record, but no evidence established that these symptoms were more than transient, or caused significant vocational limitations. Tr. 24.

The ALJ's findings are supported by the record. For example, as the ALJ noted, Dr. LaBerge explained that Plaintiff needed to better control her blood sugars, but diabetes should not keep her from working. Tr. 24; 451. Also, as the ALJ recognized, Dr. LaBerge indicated in January 2007, that Plaintiff's abdominal pain might significantly affect her only two days per month. Tr. 29; 424.

However, even if the ALJ erroneously failed to find Plaintiff's diabetes and

abdominal pain "severe" at step two, this error was "inconsequential to the ultimate non-disability determination" in this case and therefore harmless. *See Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) (ALJ's failure to include impairment as severe at step two was harmless error where ALJ considered the limitations posed by the impairment at step four).

In this case, the ALJ included in Plaintiff's RFC several limitations caused by her abdominal pain and diabetes. For example, R. Allen LaBerge, M.D., indicated that Plaintiff's irritable colon would interfere with bending, climbing, crouching, kneeling, pulling, pushing, sitting and stooping. Tr. 397. Under the RFC, Plaintiff is limited to occasionally climbing ramps and stairs, stooping, kneeling, crouching and crawling. Tr. 26. Also, Dr. LaBerge indicated that the symptoms from Plaintiff's diabetes could interfere with her communication and understanding or following directions. Tr. 411. The RFC limits Plaintiff to work that is unskilled with routine tasks requiring no interaction with the public and only superficial interaction with co-workers. Tr. 26. The ALJ's decision reflects that the ALJ considered the limitations posed by Plaintiff's diabetes and abdominal pain at Step Four. As such, any error that the ALJ made in failing to include these impairments at Step Two was harmless.

**B.     Medical Opinions**

In social security cases, the medical opinions of three types of medical sources are recognized: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, a treating physician's opinion should be accorded more weight than opinions of doctors who did not treat the claimant, and an examining physician's opinion is entitled to greater weight than a non-examining physician's opinion. *Id.* However, the ALJ is responsible for resolving conflicts in medical testimony. *Magallanes v. Bowen*, 881 F.2d 747,

750 (9th Cir. 1989).  Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  *Lester*, 81 F.3d at 830.  Where the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons," supported by substantial evidence in the record.  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  A discrepancy between a doctor's observations and opinions about a claimant's activities and limitations assessed constitutes a clear and convincing reason for not relying the doctor's opinion.  *See Bayliss v. Barnhar*t, 427 F.3d 1211, 1216 (9th Cir. 2005).

        1.     R. Allen LaBerge, M.D.

Plaintiff argues that the ALJ erred by indicating he gave significant weight to Dr. LaBerge's opinions, excepting one particular part of his opinions, and yet he failed to find Plaintiff disabled.  ECF No. 22 at 8-11.

As the ALJ found, in October, 2005, Dr. LaBerge described Plaintiff as non-compliant with diabetes and diet management.  Tr. 28; 385.  Also, as the ALJ found, Dr. LaBerge opined Plaintiff would be able to perform light or sedentary work, but flares of abdominal pain might cause her to miss work three days of work each month.  Tr. 28; 409.  The ALJ rejected this assessment, and stated, "the evidence does not show that the claimant suffered debilitating pain flares that often."  Tr. 28.

The ALJ also noted that in January 2007, Plaintiff had not sought medical treatment in nearly one year, her blood sugars were high, she still had abdominal pain that was affecting her two times per month.  Tr. 29; 423.  In March 2007, Dr. LaBerge again opined that Plaintiff could perform light work.  Tr. 29; 433.  Finally, the ALJ noted that in September 2007, Dr. LaBerge expressed frustration at Plaintiff's failure to regularly seek treatment, and her failure to comply with medical directives.  Tr. 29; 448.  Dr. LaBerge noted:

        As I said in March she could do light work.  In March I said she badly

needs assistance in order to be able to get her diabetes under control. We could probably also help her abdominal pain. I have a difficult time saying she badly needs assistance [sic] so she can get control of her medical problems if her history has been that she does not come in for appointments, does not get her lab work done and [] does not take all of her medications as perscribed [sic]. She has lots of explanations for most of these shortcomings, but in the end, has been provided assistance and has not taken full advantage of it. I don't see any direct evidence of substance abuse, but I have to wonder when someone has been repeatedly non-compliant to medical therapy.

Tr. 451.

Plaintiff argues that the ALJ failed to give a specific and legitimate reason for discounting Dr. LaBerge's assessment that Plaintiff might miss three days of work per month due to her abdominal pain. ECF No. 22 at 10. An ALJ may discredit physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings. *Batson*, 359 F.3d at 1195.

The opinion does not make clear whether the ALJ found the evidence in October 2005, did not support Dr. LaBerge's assessment that Plaintiff was afflicted with abdominal pain three days per month, or whether the ALJ found that at the time of the opinion, Plaintiff experienced less frequent pain. The difference is largely immaterial. As the ALJ noted, the evidence revealed that subsequent to October 2005, Plaintiff's severe abdominal bouts were lessening in frequency. Tr. 433. However, the record reflects that Plaintiff's abdominal pain fluctuates, often increasing when she fails to comply with treatment, and decreasing to twice a month or less when she takes her medications and is careful in her diet. See, e.g, 385; 388; 393; 395; 404; 406; 407; 409; 413; 424; 431; 433; 448. Impairments that are effectively controlled by medication are not deemed disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ's conclusion that Dr. LaBerge's opinion, offered in 2005, indicating Plaintiff would be affected three times per month by debilitating abdominal pain, was properly

rejected as lacking evidentiary support.  The ALJ's reasons were specific and legitimate, and in the context of the overall record, were supported by the record.  The ALJ did not err.

### 2. Laura A. Starrett, M.D.

Plaintiff contends that the ALJ erred by rejecting Dr. Starrett's opinions based upon Plaintiff's various daily activities, and based upon a lack of objective medical evidence that supported Dr. Starrett's conclusions.  ECF No. 22 at 11.

The ALJ gave little weight to Dr. Starrett's assessment that Plaintiff was limited to sedentary work.  Tr. 29.  The ALJ explained that on September 2, 2008, Dr. Starrett opined that Plaintiff was "severely limited," which was defined as "unable to lift at least two pounds."  Tr. 29; 656.  However, as the ALJ pointed out, on that same date, Plaintiff complained of back pain after she had slipped "carrying a load of wood" into her house.  Tr. 598.  Also, as the ALJ found, Dr. Starrett's chart notes reveal that Plaintiff's diabetes improved and she travelled to Mexico, stayed for two months visiting her husband, planned to return to Mexico, and also planned to conceive a child.  Tr. 29; 775.  These activities, including international travel, driving, daily activities as well as other activities evidenced in the record, support the ALJ's conclusion that Plaintiff had greater functioning than "severely limited."  Tr. 29; 406; 594; 767; 775.

Plaintiff also argues that the ALJ erred by failing to make specific findings that Plaintiff's activities were transferable to workplace activities.  ECF No. 22 at 12-13.  Daily activities may be grounds for an adverse credibility finding "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)(adverse credibility finding based on activities proper "if a claimant engages in numerous daily activities involving skills that could be transferred to the workplace").  In this case, it is a reasonable inference that

Plaintiff's ability to engage in domestic and international travel, extended stays in Mexico, and a variety of daily activities reveal that Dr. Starrett's opinion that Plaintiff is unable to "lift at least two pounds or unable to stand and/or walk," is inaccurate. Tr. 504. In other words, Plaintiff's abilities that would transfer to work included at a minimum the ability to lift more than 2 pounds, and sit, stand or walk for some period of time. As a result, the ALJ did not err.

Also, Plaintiff argues that the ALJ erred by finding that the objective medical evidence did not support Dr. Starrett's opinion because Dr. LaBerge's opinion and Dr. Starrett's opinion "are the same," and because substantial evidence in the record supports Dr. Starrett's opinion. ECF No. 22 at 13-14. First, the record reveals that Dr. LaBerge's opinions were significantly different from Dr. Starrett's opinions. For example, on October 24, 2005, Dr. LaBerge noted that Plaintiff was able to perform "sedentary to light work" on the days when she was not having a bout of abdominal pain. Tr. 411. Dr. LaBerge also noted that Plaintiff's noncompliance with follow up and treatment was "not helping" her. Tr. 411.

Second, while Plaintiff argues that a "plethora" of objective evidence exists establishing that Plaintiff is disabled, Plaintiff cites imaging studies and x-ray reports, all related – save one addressing radiculopathy in the left leg – to Plaintiff's spine. ECF No. 22 at 13-15. While Plaintiff listed "back pain/arthritis"[2] on the Disability Report form as one of several impairments that prevented her from working," at the hearing she identified the medical condition that prevented

---

[2] Plaintiff indicated on the Disability Report form the impairments that prevented her from working as: "high cholesterol, sleep apnea, irritable bowel syndrome, asthma, obesity, shoulder pain, abdominal pain, back pain/arthritis, and have been diagnosed with agoraphobia with panic disorder and major depression disorder." Tr. 222.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

her from working as "my diabetes, my anxiety, my depression…[and] problems with my feet where I can't stand." Tr. 61-62. Plaintiff also described problems with her knees that require her to alternate between standing, sitting and lying down. Tr. 62. At the hearing, Plaintiff did not identify back pain as a condition that prevented her from working. Tr. 61-62. Plaintiff cites no other objective evidence purporting to support her claimed severity of impairments relating to depression, asthma, obesity and fibromyalgia. As such, Plaintiff failed to establish that the ALJ erred by concluding the objective medical evidence did not support Dr. Starrett's opinion. In sum, the ALJ's reasons for giving little weight to Dr. Starrett's opinion were specific and legitimate, and supported by substantial evidence.

## C.   Credibility

Plaintiff alleges that the "ALJ committed reversible error by making erroneous credibility findings." ECF No. 22 at 21. Plaintiff's entire argument under this heading consists of: "See Issue 2(a) above." ECF No. 22 at 21.

The court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and, therefore, will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

In this case, Plaintiff's "briefing" regarding credibility is inadequate. "Issue 2(a)" of Plaintiff's brief is entitled, "Dr. Starrett's analysis is inconsistent with evidence showing that claimant could perform a variety of daily activities since late 2008," and the subsequent analysis sets forth Plaintiff's argument related to the ALJ's weighing of the doctor's opinion. ECF No. 22 at 11. While an ALJ may rely upon Plaintiff's inconsistent level of daily activities on which to discount

credibility,[3] Plaintiff has neither argued, nor briefed this issue. A credibility analysis is governed by regulations and cases that are distinctly different from the regulations and cases governing the weight an ALJ should give to medical provider opinions. Simply put, the two issues require separate analyses. Because Plaintiff failed to provide adequate briefing, the court is unable to consider this issue.

**D.  Non-compliance**

Plaintiff contends that the ALJ erred by failing to follow necessary "due process" requirements as set forth in SSR 82-59. ECF No. 22 at 15. The procedures set forth in SSR 82-59, "only apply to claimants who would otherwise be disabled within the meaning of the Act." *Roberts v. Shalala*, 66 F.3d 179, 183 (9th Cir. 1995). To invoke the protections of SSR 82-59, an ALJ must "premise the denial of benefits solely on [a claimant's] failure to follow prescribed treatment." *Id.* As such, SSR 82-59 applies only when an ALJ first determines that a claimant is disabled, and then proceeds to deny benefits based solely upon the claimant's failure to follow treatment that is expected to restore the ability to work.

In this case, similar to *Roberts*, the ALJ did not determine Plaintiff was disabled, or premise denial of benefits solely upon Plaintiff's failure to comply with treatment. *See Roberts*, 66 F.3d at 183. Rather, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 24. Consequently, the ALJ found that Plaintiff had the ability to perform jobs that exist in significant numbers in the national economy and the procedures in SSR 82-59 are inapplicable. Tr. 33.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is supported by substantial evidence and free of legal error.

---

[3] *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 26,** is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 22,** is **DENIED**.

The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED July 7, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE